IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ASSEFA GABREL EGZIABHER, JR.                                           PLAINTIFF

V.                              CASE NO. 5:20-CV-05003

OFFICER RILEY EVANS, Springdale
Police Department (SPD); and OFFICER
TANNER GUTHRIE, SPD                                                   DEFENDANTS

## OPINION AND ORDER

This is a civil rights action filed by Plaintiff Assefa G. Egziabher, Jr., pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before the Court on the Motion to Dismiss (Doc. 17) filed by the Defendants. Although Plaintiff was Ordered (Doc. 19) to respond to the Motion to Dismiss by April 20, 2020, he has not done so. Instead, he filed a Motion for Summary Judgment (Doc. 21) and a Motion for Subpoena Duces Tecum (Doc. 22). On April 27, 2020, Defendants filed a second Motion to Dismiss (Doc. 23) based on Plaintiff's failure to obey the Court Order directing him to respond to the first Motion to Dismiss.

### I. BACKGROUND

According to the allegations of the Second Amended Complaint (Doc. 8), on March 24, 2019, Springdale Police Officers Riley Evans and Tanner Guthrie detained Plaintiff without reasonable suspicion and arrested him without probable cause. Specifically, a traffic stop was initiated, and Plaintiff was charged with driving while under the influence, violation of the implied consent law, and driving on a suspended license.

1

Plaintiff alleges that he was "profiled" and approached without reasonable suspicion. Plaintiff maintains that body camera video will establish he passed all sobriety tests, was denied a urine test in violation of the Fourteenth Amendment, and was arrested without probable cause in violation of the Fourth Amendment.

As relief, Plaintiff asks for compensatory and punitive damages. He also asks to recover court costs and impound fees for his vehicle.

Plaintiff's criminal docket sheets indicate he was found guilty by the Springdale District Court of driving while intoxicated (Case No. DWI-19-135), violation of the implied consent law (Case No. TR-19-1888), and driving on a suspended license (Case No. TR-19-1890).[1] Plaintiff appealed the convictions to the Circuit Court of Washington County, Arkansas, Criminal Division (Case No. 72CR-20-412). Trial is currently scheduled for June 18, 2020.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] Public records, including some court documents, may be considered on a motion under Rule 12(b)(6). *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). *See also* Fed. R. Evid. 201 (Judicial Notice of Adjudicative Facts).

2

(internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Defendants have moved to dismiss this action on the following grounds: (1) the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and (2) in view of the pending state criminal case, the principles of comity require the Court to abstain under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 54 (1971).

In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. However, "if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings." *Id.* at 487 n.8. If there is no sentence or conviction, *Heck* does not apply. *See Wilkins v. DeReyes*, 528 F.3d 790, 801 n. 6 (10th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 394-397 (2007)).

The Court turns to a consideration of Defendants' argument based on *Younger*. It is a settled principle of comity that state courts should be allowed to exercise their functions without interference from the federal courts particularly where a state criminal trial is pending. *Hicks v. Miranda*, 422 U.S. 332 (1975). In *Younger*, the Court held that absent extraordinary circumstances, federal courts should not interfere with state criminal prosecutions. *Younger*, 401 U.S. at 54. The *Younger* abstention doctrine applies "if the proceeding: (1) involves an ongoing state judicial proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity to raise constitutional challenges in the state proceeding." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).

Clearly, *Younger* abstention would apply to this case. Plaintiff's state criminal case was pending when he filed this case and is still pending. There are important state law interests in enforcing the state's criminal laws and in allowing state courts to administer their own cases. Plaintiff has not identified any barrier to his ability to raise constitutional challenges in his state court case. *See Gillette v. N. Dakota Disciplinary Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("[F]ederal courts may not enjoin pending state court criminal proceedings absent a showing of bad faith, harassment, or other unusual circumstance that would call for equitable relief." (citation omitted)). There is no reason Plaintiff cannot assert his constitutional claims in state court. In fact, these claims go directly to the issues of whether there was reasonable suspicion to stop him and probable cause to arrest him and hold him for trial.

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Doc. 17) is **GRANTED IN**

4

PART AND DENIED IN PART. The case is STAYED and ADMINISTRATIVELY TERMINATED during the pendency of Plaintiff's state criminal case. *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 481 (8th Cir. 1998) (where damages are sought, *Younger* abstention requires the federal case to be stayed)).

All other pending motions are terminated as moot.

**IT IS SO ORDERED** on this 29th day of April, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE